Thomas Bastian #1447116
Name and Prisoner/Booking Number

ADC-Lewis Rast Max
Place of Confinement

PO Box 3600
Mailing Address

Buckeye, AZ, 85326
City, State, Zip Code

☒ FILED    ☐ LODGED

**Jul 27 2016**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Thomas O. Bastian,
(Full Name of Petitioner)
            Petitioner,

vs.

Charles Ryan,
(Name of the Director of the Department of
Corrections, Jailor or authorized person having
custody of Petitioner)

            Respondent,
            and
The Attorney General of the State of Arizona,

            Additional Respondent.

CASE NO. _____
(To be supplied by the Clerk)

**PETITION UNDER 28 U.S.C. § 2254
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
(NON-DEATH PENALTY)**

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Maricopa County Superior Court, 201 W. Jefferson St. Phoenix, AZ, 85003

    (b) Criminal docket or case number: CR#2007-124159-003DT

2. Date of judgment of conviction: October 8th 2008

3. In this case, were you convicted on more than one count or crime?   Yes ☐   No ☒

Revised 3/9/07

1

**530**

4. Identify all counts and crimes for which you were convicted and sentenced in this case: Count One: First Degree Murder.

5. Length of sentence for each count or crime for which you were convicted in this case: Natural Life without possibility of parole.

6. (a) What was your plea?
   Not guilty ☒
   Guilty ☐
   Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: _____

   (c) If you went to trial, what kind of trial did you have? (Check one)   Jury ☒   Judge only ☐

7. Did you testify at the trial?   Yes ☐   No ☒

8. Did you file a direct appeal to the Arizona Court of Appeals from the judgment of conviction?
   Yes ☒   No ☐

   If yes, answer the following:

   (a) Date you filed: April 26th 2010

   (b) Docket or case number: 1 CA-CR 09-0006 & 1 CA-CR 09-0207

   (c) Result: 1 CA-CR 09-0006 (Affirmed) & 1 CA-CR 09-0207 (Stricken)

   (d) Date of result: 1 CA-CR 09-0006 (03-31-11) & 1 CA-CR 09-0207 (07-09-10)

   (e) Grounds raised: 1 CA-CR 09-0006: 5th & 14th Amendment violations. Miranda violations. Failure to suppress statements and evidence.
   1 CA-CR 09-0207: Anders Brief

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

2

9. Did you appeal to the Arizona Supreme Court?   Yes ☒   No ☐

   If yes, answer the following:

   (a) Date you filed: June 30th 2011

   (b) Docket or case number: CR-11-0121-PR

   (c) Result: Petition for Review: Denied

   (d) Date of result: November 30th 2011

   (e) Grounds raised: Did Arizona Court of Appeals err by deferring to the Trial court's finding when not supported by laws or evidence.

   Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

10. Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒

    If yes, answer the following:

    (a) Date you filed: _____

    (b) Docket or case number: _____

    (c) Result: _____

    (d) Date of result: _____

    (e) Grounds raised: _____

    Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

11. Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any state court?   Yes ☒   No ☐

    If yes, answer the following:

3

(a) First Petition.

(1) Date you filed: December 12th 2008

(2) Name of court: Maricopa County Superior Court

(3) Nature of the proceeding (Rule 32, special action or habeas corpus): Motion to Vacate.

(4) Docket or case number: CR2007-124159-003DT

(5) Result: "Motion to Vacate Judgement & Sentence: Denied"

(6) Date of result: March 13th 2009

(7) Grounds raised: Newly discovered evidence, which would probably change the outcome of the verdict.

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

(b) Second Petition.

(1) Date you filed: August 29th 2012

(2) Name of court: Maricopa County Superior Court

(3) Nature of the proceeding (Rule 32, special action or habeas corpus): Rule 32

(4) Docket or case number: CR2007-124159-003DT

(5) Result: "Denied"

(6) Date of result: April 16th 2013

(7) Grounds raised: Ineffective assistance of Counsel, unconstitutional suppression of exculpatory evidence by the State.

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

4

(c) Third Petition.

(1) Date you filed: October 7th 2013

(2) Name of court: Maricopa County Superior Court

(3) Nature of the proceeding (Rule 32, special action or habeas corpus): Rule 32

(4) Docket or case number: CR2007-124159-003DT

(5) Result: "Dismissed"

(6) Date of result: December 4th 2013

(7) Grounds raised: 6th & 14th Amendment violations. Ineffective assistance of Counsel. Due Process violation.

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

(d) Did you appeal the action taken on your petition, application, or motion to the:

| | Arizona Court of Appeals: | | Arizona Supreme Court: | |
|---|---|---|---|---|
| (1) First petition: | Yes ☐ | No ☒ | Yes ☐ | No ☒ |
| (2) Second petition: | Yes ☒ | No ☐ | Yes ☒ | No ☐ |
| (3) Third petition | Yes ☒ | No ☐ | Yes ☒ | No ☐ |

(e) If you did not appeal to the Arizona Court of Appeals, explain why you did not: The First Motion was a Rule 24.2 post trial Motion. Direct Appeal counsel was Ineffective, and did not raise the claim on Appeal.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

5

**GROUND ONE:** Mr. Bastian's 4th, 5th, 6th and 14th Amendment Right's were violated when police violated Miranda, used improper conduct to coerce a statement, threatened harm, and made promise's of leniency and benefit.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

(See pages 6A thru 6D - attached)

(b) Did you present the issue raised in Ground One to the Arizona Court of Appeals? Yes ☒   No ☐

(c) If yes, did you present the issue in a:
  Direct appeal ☒
  First petition ☐
  Second petition ☐
  Third petition ☐

(d) If you did not present the issue in Ground One to the Arizona Court of Appeals, explain why: _____

(e) Did you present the issue raised in Ground One to the Arizona Supreme Court? Yes ☒   No ☐

6

Supporting Facts:

1.) On April 14th, 15th, and 16th, 2007 Mr. Bastian interrogated by Scottsdale Police. On April 14th 2007 Mr. Bastian was told he was under arrest for Murder. At around 2:00am on 04-14-07 Mr. Bastian was interrogated by Det. Salazar. During that interview Mr. Bastian exercised his Miranda rights by requesting to have a Attorney present during questioning. Mr. Bastian requested to have a Attorney present a total of 7 times. In addition, Mr. Bastian sought to exercise his right to remain silent. Det. Salazar ignored Mr. Bastian's Miranda rights request and continued to interrogate him. Det. Salazar told Mr. Bastian that he could not have a attorney at that time and also that "they" will tell me when I can have a attorney".

2.) On April 15th 2007 Det. Salazar again interrogated Mr. Bastian without a attorney present. During this interrogation Det. Salazar threatened Mr. Bastian by telling him that his girlfriends life is in danger, and that if Mr. Bastian does not tell the police everything, something will happen to her.

6-A

3.) On April 15th 2007, Det. Salazar also physically threatened Mr. Bastian by telling him that the police lieutenant was done with him and that the lieutenant gave Det. Salazar the "green light to fuck you up for being involved in the Murder".

4.) The Petitioner was held in Scottsdale Police custody for 3½ days of interrogation with no access to a phone, no attorney, and subjected to Miranda violations

5.) After the April 14th 2007, 2:00am interview Mr. Bastian was placed inside a holding cell. 2 hours later, at around 4:00am Det. Salazar re-initiated contact with Mr. Bastian by asking "if he is ready to cooperate now". This after Mr. Bastian requested counsel 7 times. At no time did Mr. Bastian waiver his Miranda rights.

6.) Mr. Bastian was arrested for Murder at 1:40am on April 14th 2007, however he was not brought before the Initial Appearance for 3½ days. Det. Salazar knowingly delayed Mr. Bastian's Appearance in court in order to obtain incriminating evidence.

6-B

7.) Mr. Bastian was originally detained for a physical evidence order at 1:34am on 04-14-07. This Order of Detention authorized police to hold Mr. Bastian until all requested physical evidence is obtain - but in no case longer then 3 hours. Mr. Bastian immediately provided all requested physical evidence, however police refused to release him in accordance with the signed order. Police illegally held Mr. Bastian for 5+ hours. Detective illegally interrogated Mr. Bastian during this time without a attorney.

8.) During the 3½ days of interrogation, Lt. Chrznowski promised Mr. Bastian that if he cooperated - the police would release his Fiancee. Mr. Bastian relied on this promise of benefit.

9.) Det. Chrznowski threatened Mr. Bastian that if he did not cooperate with police - they would charge his Fiancee with a bunch of charges. Det. Chrznowski also threatened Mr. Bastian that if he did not cooperate - he would plant Mr. Bastian's finger prints on evidence, charge him with many other fellonies, and that a dick will be going up his ass.

6-c

10.) Mr. Bastian requested to have a attorney present several more times over the 3½ days of interrogation - however all Scottsdale police Detectives ignored it.

11.) Det. Chrznowski told Mr. Bastian that the jury will be told that Mr. Bastian asked to exercise his 5th Amendment instead of cooperate.

12.) Det. Salazar re-initiated contact with Mr. Bastian even though Mr. Bastian did not waiver in his request for a attorney or to remain silent.

**GROUND TWO:** Mr. Bastian received Ineffective assistance of counsel in violation of the 6th and 14th Amendment.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

(See page's 7A Thru 7B - attached)

(b) Did you present the issue raised in Ground Two to the Arizona Court of Appeals? Yes ☒   No ☐

(c) If yes, did you present the issue in a:
    Direct appeal    ☐
    First petition    ☒
    Second petition    ☐
    Third petition    ☐

(d) If you did not present the issue in Ground Two to the Arizona Court of Appeals, explain why: _____

(e) Did you present the issue raised in Ground Two to the Arizona Supreme Court? Yes ☒   No ☐

7

Supporting Facts:

13.) Mr. Bastian received Ineffective Assistance of Counsel by Attorney Alicia Dominguez. Ms. Dominguez failed to challenge the findings and validity of the Order of Detention Affidavit submitted by Det. Hugh Lockerby. Ms. Dominguez failed to investigate the truthfulness of Det. Lockerby's sworn omission in his affidavit. Det. Lockerby knowingly & recklessly stated under oath the physical characteristic's requested were not available to the investigating agency or the Arizona Dept. of Public Safety. This was a completely false omission. Ms. Dominguez was ineffective for not requesting a Frank's Hearing to challenge the false omission.

14) Mr. Bastian received Ineffective Assistance of Counsel when attorney, Ms. Dominguez failed to subject D.O. Lovelady to reasonable cross-examination, and impeachment. In a May 14th 2007 interview D.O. Lovelady stated to Det. Salazar that his co-worker, D.O. Cummings, who was transporting Mr. Bastian with D.O. Lovelady, personally heard Mr. Bastian and suspect Quintero discuss the crime in detail, including the weapon.

7-A

During trial testimony Lovelady - completely changed his story, stating: D.O. Cummings never heard any of the supposed conversation. This impeachment would've been crucial in challenging this key witnesses credibility. D.O. Lovelady's testimony was crucial in Mr. Bastian's case.

15.) Mr. Bastian received Ineffective Assistance of Counsel by attorneys Ms. Dominguez and Mr. Bradley when both counsel failed to challenge the finding of Probable Cause in the Petition for Order for Disclosure of Electronic Communications & Records Affidavit. The affidavit simply states that Hartline, who was not a suspect at the time, called phone number 623-533-9475, which was a unknown phone number. There was zero evidence listed or submitted that showed a link or connection between the unknown 623-533-9475 number and the murder, or anyone connected to the murder. The disclosed electronic records could not of been inevitably discovered since the Scottsdale P.D. was not pursuing any alternative means of obtaining the records.

GROUND THREE: Mr. Bastian 4th, 5th, and 14th Amendment Rights were violated when the State suppressed evidence, in violation of Brady.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

(See page 8A - attached)

(b) Did you present the issue raised in Ground Three to the Arizona Court of Appeals? Yes ☒   No ☐

(c) If yes, did you present the issue in a:
    Direct appeal      ☐
    First petition     ☒
    Second petition    ☐
    Third petition     ☐

(d) If you did not present the issue in Ground Three to the Arizona Court of Appeals, explain why: ___

(e) Did you present the issue raised in Ground Three to the Arizona Supreme Court? Yes ☒   No ☐

8

16.) On 03-17-10 Mr. Bastian filed a FOIA request with Scottsdale P.D. to obtain police report number DR#07-10485. Mr. Bastian is listed as a suspect in the report. The events surrounding the report are directly linked to the Murder in CR07-124159-003DT. Scottsdale PD complied with the FOIA Request and sent Mr. Bastian a redacted report. Mr. Bastian reviewed the report and discovered that State Witness James McGee, who provided key testimony against Mr. Bastian at trial, is listed by Scottsdale P.D. as a C.I. (Confidential Informant). This information was known to the State and investigative agency involved in the Murder case prosecution. Prosecutor Lynch was aware of McGee being a C.I. against Mr. Bastian in a seperate case because Mr. Lynch utilized the information provided by McGee in DR# 07-10485 as "Prior Bad Acts" against Mr. Bastian. Prosecutor Lynch also used the information in his sentensing Memorandum. This information was never disclosed to the defense.

17.) The State failed to disclose State Witness Tiishay Romero's criminal record, pre-trial service documents, prosecutor records regarding Deal with State. This information was available to the State prior to trial.

8-A

GROUND FOUR: Mr. Bastian's 6th and 14th Amendment Rights were violated when he received Ineffective Assistance of Counsel during voir dire and trial.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

(See pages 9A thru 9B attached)

(b) Did you present the issue raised in Ground Four to the Arizona Court of Appeals? Yes ☒ No ☐

(c) If yes, did you present the issue in a:
    Direct appeal ☐
    First petition ☐
    Second petition ☒
    Third petition ☐

(d) If you did not present the issue in Ground Four to the Arizona Court of Appeals, explain why: ____

(e) Did you present the issue raised in Ground Four to the Arizona Supreme Court? Yes ☐ No ☐

<u>Supporting Facts:</u>

18.) Mr. Bastian was subjected to Ineffective assistance of trial counsel because attorneys for Mr. Bastian, Ms Dominguez and Mr. Bradley Failed to object or argue, on the record, to the court, that Mr. Bastian was being placed in a Remote Electronic Control Technology (REACT) STUN Belt physical restraint device during voir dire and trial.

The utilization of the STUN Belt interferred with Mr. Bastian's right to consult with counsel, to participate fully in his defense, and to become a competent witness and testify on his own behalf.

Mr. Bastian never posed any threat or security concern to the Court or public. The STUN Belt was never used in any pre-trial hearings or post-trial hearings. The trial court was never even aware Mr. Bastian was being subjected to the STUN Belt and a Leg Locking device. Mr. Bastian notified attorney Mr. Bradley that the STUN Belt was bothering him and causing him issue's. Knowing that only a Court can authorize

9-A

the use of a STUN Belt and that it was interferring with Mr. Bastian's ability to consult his attorneys, assist in his defense, and to testify on his own behalf.

Instead of protecting Mr. Bastian's 6th and 14th Amendment rights - counsel allowed MCSO detention officers to make affirmative determinations of constitutional magnitude. It is the responsibility of defense counsel to ensure Mr. Bastian's 6th and 14th Amendment Rights are protected.

9-B

Please answer these additional questions about this petition:

13. Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition?   Yes ☐   No ☒

   If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available: _____

   _____
   _____
   _____
   _____
   _____

14. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging?   Yes ☐   No ☒

   If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _____

   _____
   _____
   _____
   _____
   _____

15. Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?   Yes ☐   No ☒

   If yes, answer the following:

   (a) Name and location of the court that imposed the sentence to be served in the future:

   _____
   _____
   _____

   (b) Date that the other sentence was imposed: _____

   (c) Length of the other sentence: _____

   (d) Have you filed, or do you plan to file, any petition challenging the judgment or sentence to be served in the future?   Yes ☐   No ☐

10

16. **TIMELINESS OF PETITION:** If your judgment of conviction became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar your petition.*

*Section 2244(d) provides in part that:
   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
       (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

17. Petitioner asks that the Court grant the following relief: Wherefore, petitioner prays that this Court grant and issue a Writ of habeas corpus, conduct such hearings as may be required, and upon hearing, grant petitioner relief from his unlawful conviction and sentence,
or any other relief to which Petitioner may be entitled. (Money damages are not available in habeas corpus cases.)

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 07-20-16 (month, day, year).

_____
**Signature of Petitioner**

_____        07-20-16
**Signature of attorney, if any**              Date