WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Thomas O. Bastian,

         Petitioner,

v.

Charles L. Ryan, et al.,

         Respondents.

No. CV-16-02530-PHX-GMS

**ORDER**

      Pending before the Court are Petitioner Thomas O. Bastian's Petition for Writ of Habeas Corpus (Doc. 1) and United States Magistrate Judge Bridget S. Bade's Report and Recommendation ("R&R"), which recommends that the Court deny the Petition. (Doc. 120). Bastian timely filed objections to the R&R. (Doc. 125). For the following reasons, the Court denies the Petition and accepts the R&R.

## BACKGROUND

      Because no party has objected to the procedural background as set forth in the R&R, the Court adopts the background as an accurate account. (Doc. 51 at 2-3).

      Magistrate Judge Bade recommends that Bastian's petition be denied and dismissed with prejudice. (Doc. 120 at 57). Bastian timely objects to ten of the Magistrate Judge's conclusions. (Doc. 125). He argues that Ground Four is not procedurally defaulted, because of the Supreme Court's decision in *Martinez v. Ryan*, and because he was denied access to his legal documents at the time of his first petition for post-conviction review. He also argues that the Magistrate Judge incorrectly determined

that the adjudication of his Fifth Amendment claims in state court did not result in in an unreasonable application of Supreme Court precedent.  (Doc. 53 at 5-7).  Because the R&R correctly analyzed Bastian's claims, his petition for habeas corpus will be denied.

## STANDARD OF REVIEW

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).  "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original).  District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## DISCUSSION

### I.      Procedural Bar and Exhaustion of State Remedies

Bastian does not object to Magistrate Judge Bade's determination that Grounds 2(a), 3, and 4 are procedurally barred from review by this Court.  (Doc. 125 at 3–4).  Instead, Bastian argues that his procedural default on Ground Four should be excused.  (*Id*.).

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(c)(3).  Review of Petitions for Habeas Corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996.  28 U.S.C. § 2244 *et seq.*  For a state prisoner to obtain review of his federal claims in federal court, he must first exhaust all available state remedies.  28 U.S.C. § 2254(b)(1)(A).

To exhaust state remedies, a prisoner must "fairly present" his claims to the appropriate state court. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (holding that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims").  A prisoner must describe "both the operative facts and the federal legal theory on which his claim is based

so that the state courts have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (citations and internal quotation marks omitted). In Arizona, for non-capital cases, a petitioner does not exhaust a claim for purposes of federal review unless he has presented it to the Arizona Court of Appeals. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2004).

Procedural default occurs when a petitioner has not exhausted a federal habeas claim by first presenting the claim in state court, and is now barred from doing so by the state's procedural rules (including rules regarding waiver and preclusion). *Castille v. Peoples*, 489 U.S. 346, 351 (1989). If a state court properly applies a state procedural bar during post-conviction proceedings that prevents the state court from considering the merits, those claims are also procedurally defaulted. *Davila v. Davis*, 137 S.Ct. 2058, 2064 (2017).

In the event of procedural default, habeas review is foreclosed absent a showing of "cause and prejudice." *Reed v. Ross*, 468 U.S. 1, 11 (1984). To demonstrate cause, a petitioner must show that "some objective factor external to the defense" impeded his efforts to raise the claim in state court. *Davila v. Davis*, 137 S. Ct. at 2065 (internal citations and quotations omitted); *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). "Prejudice is actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir.1992) (internal quotation omitted).

A petitioner may also overcome procedural default for a single kind of claim— ineffective assistance of counsel at trial—by demonstrating "(1) 'counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland*,' and (2) 'the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.'" *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) (citing *Martinez v. Ryan*, 566 U.S. 1, 12 (2012)) (internal citations omitted). *Martinez* is a "narrow exception to *Coleman*'s general rule." *Davila*, 137 S. Ct. at 2062.

**A.  Bastian Does Not Establish Cause to Excuse His Procedural Default**

Bastian objects to the R&R's determination that he did not demonstrate cause to excuse his procedural default of Ground Four. (Doc. 125 at 3–4). Magistrate Judge Bade found that Ground Four is procedurally defaulted because Petitioner failed to present this claim in his first petition for post-conviction relief to the state trial court. (Doc. 120 at 14). Bastian presents two arguments to establish cause.

First, Bastian argues that State interference with his legal records establishes cause. (Doc. 125 at 4). To overcome the procedural bar, Bastian must show that "some objective external factor" prevented him from raising this ineffective assistance of counsel claim in his first petition. *McCleskey*, 499 U.S. at 493.

Bastian asserts that a lack of access to his legal files prevented him from raising this ground in his first notice for post-conviction relief. But Bastian did not rely upon any of his legal files when he finally raised this claim in July 2016. (Doc. 1 at 17–18). And the claim—which relies on the fact that Bastian was allegedly placed in a stun belt and leg locking device during voir dire and trial—could have been alleged from his own memory at the time of his first post-conviction petition. Because Bastian could have raised this claim in the proper forum *without* access to his legal files, an allegation that he was *denied* access to those files does not establish cause to excuse his procedural default.

Second, Bastian argues that his procedural default of Ground Four should be excused under *Martinez v. Ryan*. (Doc. 125 at 3). Under *Martinez*, Bastian must show that his counsel in post-conviction proceedings during the initial review process was ineffective, and that ineffectiveness caused his procedural default. *Trevino v. Thaler*, 569 U.S. 413, 423 (2013). Bastian asserts that he "notified his PCR counsel of the issue regarding being put in the stun belt at trial and trial counsel's failure to protect his 6th and 14th Amendment rights." (Doc. 75 at 9). Despite his insistence, his post-conviction relief counsel did not find any colorable claims to submit. (Doc. 17 Ex. C). But Bastian then filed a pro se petition for post-conviction relief. And in that petition, he made several claims of ineffective assistance of counsel. (Doc. 17 Ex. F). Even though he was aware

of this issue, Bastian did not argue that his trial counsel was ineffective for failing to object to the use of a stun belt and leg locking device. Because Bastian had the opportunity to raise this claim in his pro se petition, his post-conviction relief counsel was not the cause of his procedural default. Thus, he is not entitled to a finding of cause under *Martinez*. *See Trevino*, 569 U.S. at 423.

## II. Merits Review of Remaining Claims

In the R&R, Magistrate Judge Bade found that none of Bastian's remaining claims entitled him to relief. (Doc. 120 at 57). In his response to the R&R, Bastian objects to all of Magistrate Judge Bade's conclusions regarding his Fifth Amendment claims. (Doc. 125 at 4–7). Though Bastian objected thoroughly to the R&R's conclusions on Ground One, he does not object to the R&R's conclusion that if not procedurally barred, Grounds 2(b) and (c) do not entitle him to relief. (Doc. 120 at 24). The Court will review his Fifth Amendment claims *de novo*.

When reviewing habeas claims, a federal court may not grant habeas relief unless the state's adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(1); *see Robertson v. Pichon*, 849 F.3d 1173, 1182 (9th Cir. 2017). "This is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal citations and quotations omitted). Review of a prior state court decision under 2254(d)(1) by a federal court is limited to the record "before the state court that adjudicated the claim on the merits." *Id*. "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 135 S.Ct. 1372, 1376 (2015).

## A.    *Miranda* Claim

The Fifth Amendment protects an individual's right not to be compelled in "any criminal case to be a witness against himself." *Missouri v. Seibert*, 542 U.S. 600, 607 (2004) (citation omitted).  To secure that right, the Supreme Court in *Miranda v. Arizona*, 384 U.S. 436 (1966) held that "the accused must be adequately and effectively apprised of his rights and the exercise of those rights must be fully honored[.]" *Id*. at 467. "*Miranda* conditioned the admissibility at trial of any custodial confession on warning a suspect of his rights: failure to give the prescribed warnings and obtain a waiver of rights before custodial questioning generally requires exclusion of any statements obtained." *Seibert*, 542 U.S. at 608.

### 1.    Initiation

Building on *Miranda*, the Supreme Court further explained in *Edwards v. Arizona*, 451 U.S. 477 (1981), that when a suspect invokes the right to an attorney, law enforcement must cease the interrogation and may continue only when the suspect's attorney is present or when the suspect "initiates further communication, exchanges, or conversations" with law enforcement.  *Id*. at 485.  To overcome the *Edwards* presumption, a "suspect evincing a willingness and a desire for a generalized discussion about the investigation, including asking 'what is going to happen to me now?' is sufficient to initiate further discussions with the police."  *Martinez v. Cate*, 2018 WL 4319676, at *6 (9th Cir. 2018) (citing *Oregon v. Bradshaw*, 462 U.S. 1039, 1045-46 (1983) (plurality opinion) (Rehnquist, J.)).

The state trial court found that even though Bastian invoked his *Miranda* rights during the first interview, the police continued to question him.  (Doc. 81 at 28–29).  The contents of his first interview were properly suppressed.  (*Id*.).  But the trial court did not suppress subsequent interviews between Bastian and the police because it determined he reinitiated conversation with Detective Salazar.  (Doc. 81 at 29–30).

Bastian argues that after invoking his *Miranda* rights during his first interview, he did not later reinitiate contact with the interrogating officers.  (Doc. 1. at 8).  He asserts

that the state trial court and appeals court unreasonably applied Supreme Court precedent, and made unreasonable factual determinations when they permitted the subsequent interviews to be submitted as evidence at trial. (Doc. 125 at 7).

The trial court found that Bastian reinitiated discussions with interrogating officers. (Doc. 81 at 29). To support its finding, the trial court relied upon Detective Salazar's testimony which stated explicitly that Bastian reinitiated discussions, as well as subsequent statements by Bastian in interview transcripts that acknowledged he had sought further discussions, and that he wanted to have a conversation with the detectives on the record. (Doc. 17, Ex. A at 7). The state courts also relied upon a statement Bastian made at the beginning of the second interview, where he asked whether he could provide information in exchange for his release and that of his girlfriend.

Other evidence considered by the state courts includes testimony by the detention officer, and Bastian's own testimony. The detention officer recalled going to get Detective Salazar before the second interview, but did not recall what she said to him. (*Id.*). Bastian testified at the suppression hearing that he never reinitiated discussions with Salazar, and that he only asked the detention officer to see if he could use the phone. (*Id.* at 6).

Because the appeals court and trial court properly documented the relevant evidence, their determination of the facts was reasonable in light of the testimony and interviews presented in the state proceedings. 28 U.S.C. § 2254(d)(2); *see also Cate*, 2018 WL at *5. And because the state courts properly cited *Edwards* and suppressed statements made before Bastian reinitiated conversation, the state court decisions finding reinitiation did not involve an unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d)(1).

## 2. Waiver

To properly admit the subsequent interviews, it is not enough to merely determine that Bastian reinitiated conversations with police. The state court must also find that the defendant waived his *Miranda* rights. *See Smith v. Illinois*, 469 U.S. 91, 95 (1984) (per

curiam). To determine whether Bastian knowingly and voluntarily waived his Fifth Amendment rights before confessing at the police station, a court must examine "the totality of the circumstances, including the necessary fact that the accused, not the police, reopened the dialogue with the authorities." *Edwards*, 451 U.S. at 486 n. 9. Courts consider the case's particular facts and circumstances, including the suspect's background, experience, and conduct. *Bradshaw*, 462 U.S. at 1044.

The state trial court and appeals court both found that Bastian waived his earlier request for counsel. (Doc. 81 at 29; Doc. 17 Ex. A at 5). Both courts relied upon Bastian's statements in subsequent interviews where he acknowledged that he sought out further conversations with police. (*Id.*) The state courts also relied upon the fact that Bastian was informed of his *Miranda* rights twice during later interviews, and continued to speak to the police in both instances. (Doc. 17 Ex. A. at 7).

Because Bastian has not pointed to additional evidence that would indicate he did not waive his *Miranda* rights, the state courts decision here did not involve an unreasonable determination of the facts, or an unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d)(1).

## B. Voluntariness Claim

Bastian also challenges the voluntariness of his statements to police in Ground One. (Doc. 1 at 6-10). He objects to the R&R's findings that his statements were voluntary, due to "promises of leniency, threats and coercion by Scottsdale Police detectives." (Doc. 125 at 7).

A suspect's statement is not voluntary unless it is "the product of his free and rational choice." *Greenwald v. Wisconsin*, 390 U.S. 519, 521, (1968). To determine whether a statement was voluntary, a court considers whether, under "the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." *U .S. v. Leon Guerrero*, 847 F.2d 1363, 1366 (9th. Cir.1988). "Police interrogation tactics that do not rise to the level of coercion do not make a statement involuntary." *Thompson v.*

*Runnels*, 705 F.3d 1089, 1097 (2013).

Bastian argues that his statements were involuntary because the detectives allegedly threatened him and his girlfriend, Nishay, if he did not cooperate. (Doc. 1 at 7 7–9; Doc. 17 Ex. A. at 8). The appeals court found that even though detectives expressed concern for Nishay's safety when they knew she was not in danger, they did not threaten bodily harm to her. (Doc. 17 Ex. A at 8). The trial court found that statements made by detectives did not render Bastian's statements involuntary when considering the entire record. (Doc. 81 at 31). The appeals court agreed. (Doc. 17 Ex. A at 8). As the R&R notes, Bastian does not contest the factual findings of the state courts. (Doc. 120 at 55). Bastian does not even point to any evidence in the record that would show his will was overborn by these statements regarding Nishay.

Bastian also argued in state court that the detectives made many promises of leniency to him if he cooperated with them. (*Id*.). But the appeals court pointed out that interview transcripts in this case show that the detectives repeatedly emphasized to Bastian that they could not promise him leniency or cut a deal with him. (*Id*.). The trial and appeals courts accordingly found that Bastian's will was not overborn by the circumstances of his interrogation, and his conflicting statements were freely and voluntarily given. (*Id*. at 9). The appeals court further found that, even if promises were made to Bastian, they could not support a finding that his statements were involuntary, because there was no evidence that he relied upon any promises while making his conflicting statements and "never wavered from his position that he was not a knowing participant" in the crime. (*Id*.).

Bastian finally argues that his statements were involuntary because detectives threatened to plant his fingerprints on the murder weapon, and to cause him physical harm. (Doc. 1 at 7-9). The state trial court reviewed these allegations, and concluded that the detective did not threaten to plant fingerprints to incriminate Bastian, but instead were saying it was likely they would "identify [his] fingerprints." (Doc. 81 at 31; *see* Doc. 62 Ex. I, line 226, 240-46). The appeals court found that these statements did not cause

Bastian's will to be overborn. (Doc. 17 Ex. A at 7).

Examining all of the evidence surrounding the interrogation, including the statements that indicate Bastian reinitiated discussion with the detective, never admitted he was a knowing participant in the crime, and waived his *Miranda* rights, Bastian failed to demonstrate that the state court decision on the voluntariness of his statements involved an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts in light of the evidence presented. Accordingly, his Petition for relief is denied.

**III.    Certificate of Appealability**

Rule 22(b) of the Federal Rules of Appellate Procedure, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, provides that if a petitioner files a notice of appeal, the district judge who rendered the judgment in question shall either issue a certificate of appealability or state why such a certificate should not issue. A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002). In the certificate, the district court must indicate which specific issues satisfy this showing. 28 U.S.C. § 2253(c)(3); *see Jennings*, 290 F.3d at 1010. "[C]ertificates of appealability are to be granted on an issue-by-issue basis[.]" *Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir. 1999).

When the district court rejects a constitutional claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Silva v. Woodford*, 279 F.3d 825, 832 (9th Cir. 2002). "[T]he showing a petitioner must make to be heard on appeal is less than that to obtain relief[,]" and any doubts about whether a petitioner has satisfied the "jurists of reason would find it debatable" standard are resolved in the petitioner's favor. *Lambright v. Stewart*, 220 F.3d 1022, 1025, 1025 n.4 (9th Cir. 2000).

/ / /

Magistrate Judge Bade recommended issuing a Certificate of Appealability (Doc. 120 at 58), but as the State points out, did not clarify which issues should be certified for appeal. (Doc. 122 at 2–3). Because reasonable jurists would not find it debatable that some of Bastian's claims are procedurally barred, and that he did not meet the requirements of 2254(d) for his remaining claims, Bastian's request for a Certificate of Appealability is denied.

## CONCLUSION

The R&R correctly determined that Bastian's Ground Four claims were procedurally defaulted, and that his Ground One claims lacked merit. Accordingly, the R&R is accepted, and Bastian's petition for relief is denied. Because reasonable jurists would not find these conclusions debatable, Bastian's request for a Certificate of Appealability is denied.

**IT IS HEREBY ORDERED** accepting Magistrate Judge Bade's R&R (Doc. 125).

**IT IS FURTHER ORDERED** denying and dismissing with prejudice the Petitioner's Petition for the Writ of Habeas Corpus (Doc. 1).

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 16th day of October, 2018.

G. Murray Snow
Chief United States District Judge