**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas O. Bastian,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-16-02530-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Petitioner Thomas Bastian's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 134). The Court will deny the Motion.

## BACKGROUND

On October 16, 2018, this Court issued an order accepting Magistrate Judge Bridget S. Bade's Report and Recommendation and denying with prejudice Bastian's Petition for a Writ of Habeas Corpus. On December 10, 2019, Mr. Bastian filed a motion to alter or amend the judgment issued by this Court.

## DISCUSSION

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah*

| | |
|---|---|
|1| *County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a |
|2| previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels* |
|3| *Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not |
|4| be used to raise arguments or present evidence for the first time when they could reasonably |
|5| have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d |
|6| 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument |
|7| previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers* |
|8| *Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). |

Bastian's Motion for Reconsideration fails to present proper grounds upon which the Court can reconsider its Order. Petitioner's Motion merely reasserts the same arguments that the Court rejected in its previous order and does not present newly discovered evidence or an intervening case that changed the controlling law. For example, Petitioner argues that he did not waive his *Miranda* rights when he spoke with Detective Salazar (Doc. 134 at 6). But the Court already determined that when the state trial court determined that Bastian waived his Fifth Amendment rights, that "did not involve an unreasonable determination of the facts, or an unreasonable application of Supreme Court precedent." (Doc. 129 at 8). Bastian's other arguments in his Motion here are similarly repetitive.

The Court fully considered the Plaintiff's previous Petition for the Writ of Habeas Corpus, the Report and Recommendation prepared by the Magistrate Judge, and Plaintiff's Objections to it. Because the Court deems its disposition of Defendant's Petition to be proper, and because Plaintiff does not present any argument justifying reconsideration of this matter, Plaintiff's Motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend the Judgment (Doc. 134) is **DENIED**. This case shall remain closed.

Dated this 29th day of January, 2019.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge